UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM,<br><br>                Plaintiff,<br><br>          v.<br><br>GAVIN NEWSOM, et al.,<br><br>                Defendants. | Case No. 23-cv-00889-AMO (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I.     INTRODUCTION

Plaintiff Dimitri Z. Storm, a *pro se* state prisoner currently incarcerated at the California Substance Abuse Treatment Facility ("SATF"), has filed a document entitled, "Petition for Writ of Mandate." Dkt. 1. Storm's request for leave to proceed *in forma pauperis* will be granted in a separate Order. Dkt. 5.

## II.    STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**III.  DISCUSSION**

Storm has filed a document entitled, "Petition for Writ of Mandate," though the exact nature of his filing is difficult to discern. *See* Dkt. 1. The petition is handwritten, single-spaced and twenty-pages long. The Court notes that Storm's handwriting is difficult to decipher, and his use of many unnecessary punctuations and capitalizations make it very difficult to understand his petition.[1] *See id.*

As an initial matter, while the top caption reads "U.S. District Court for Northern California San Francisco Division," it seems that Storm does not realize that he is filing a petition in federal court because he addresses the instant filing as "Petition for Writ of Mandamus For: The Honorable Presiding Justices of: The California Supreme Court." *Id.* at 1.[2] He names the following as Respondents: Governor Gavin Newsom; Attorney General Robert Bonta; Former Secretary of the California Department of Corrections and Rehabilitation ("CDCR") Kathleen Allison. *Id.* Under "Grounds for Relief," Storm states in a conclusory manner that "RESPONDENTS: Have Failed and/or refused Performance of the[ir] Designated Office>> ~

---

[1] The Court will be directing Storm to amend his claims below, and thus it instructs him to strive to use correct grammar and punctuation in his future filings. The Court also instructs him to submit type-written filings, if possible.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Storm.

2

1  An[d] According ~ (Ministerial Acts) ~ An[d] ~ (Legal Duties)"[3] and "~ Failed in that Duty. For

2  Performance Fulfillment of . . ." and then he fills half a page worth of a variety of state laws, such

3  as "The California Public Records Act," and sections from the CDCR's Department Operations

4  Manual. *Id.* at 3. Under his "Statement of Facts" section, Storm begins by stating again in a

5  conclusory fashion as follows:

> At Present An[d] of Date: 6//22//2022:=>there has been a systematic repeated pattern ~ of Severe critical violations of Respondent Offices or Staff of the CDCR>> ~ [CDCR] For Performance of required>> ~ (Ministerial Acts) that constitutes "A" Violation of [Public Right]: of—>> >> ~ (The People of the State of California) Specifically concerning Legal Obligation For>> ~ Response: when Petitioned with: (California Public Record Act) Requests An[d]>>CDCR: (GA-22 Request for Interview Form) ~ (Administrative Remedy) ~ Requests>> ~ that threatens: (the Security and Safety) of (CDCR-Staff) the Institutions and>> ~ inmates An[d] I (Inter Alia)//. . . Agent://

12  *Id.* at 4. He then continues for seven pages and lists various alleged violations from December 30,

13  2020 to August 28, 2021. *Id.* at 4-10. Again, the Court struggles with discerning Storm's claims

14  and deciphering his handwriting, but he seems to be alleging various violations that include:

15  receiving no response to his December 30, 2020 attempts "to safely report certain ~ illegal

16  activities of SATF-CDCR-STAFF in violation of the California>> Governors Orders and the

17  President[']s Mandates Concerning COVID-19 response"; retaliation beginning on or about

18  March 12, 2021 "[f]rom corrupt CDCR-Staff and Officers for Contacting the CDCR-OIA-SAC-

19  HQ>> ~ i.e. (The Office of Internal Affairs)"; and a lack of response "when reporting a: (SAR) =

20  (Suspicious Activity Report)" on or about August 28, 2021. *Id.* Lastly, Storm's "Prayer for

21  Relief" section is five-pages long, but the Court is not clear on exactly what relief he seeks. *Id.* at

22  13-17. For example, he writes:

> Henceforth Petitioner Prays: That this Court on Hearing this Petition An[d] ~ on consideration of any return filed thereof: >> // >> that "A": (Peremptory writ:) ~ Per: (Code of Civil Procedure § 1038[4]): Be

---

[3] The Court has quoted directed from Storm's filing so as to display his use of unnecessary punctuations and capitalizations.

[4] Under California Code of Civil Procedure § 1038, certain defendants in civil proceedings under the Government Claims Act (Cal. Gov. Code, § 810 et seq.) may recover defense costs, including reasonable attorney's fees, if the court determines the proceeding was not brought "with

3

issued ~ via:(The California Supreme Court): Justices/Commanding respondent to ~ Immediately Institute "A": (Probe) into these matters via (The Governor[']s Office): Thru "A" Launching of "A" Official (Investigation) ~ An ~ (Inquiry) of which: (The California Supreme Court): will oversee >> ~ Thru "A" (Internal Security Audit): of: (the [CDCR]) . . . .

*Id.* at 13.

Federal district courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for a writ of mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing *in forma pauperis* order); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement). A federal district court also lacks authority to issue a writ of mandamus to another district court. *See Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1393 (9th Cir. 1987) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).

The petition is DISMISSED with leave to amend, and Storm will be provided one opportunity to amend to address the legal standards set forth above. Storm should also provide more information concerning the relief he seeks. Finally, Storm seems to be complaining of various problems during his incarceration at SATF, which is where he is still currently incarcerated. Because SATF is located within the venue of the Eastern District of California, these claims are DISMISSED without prejudice to Storm refiling them in a new civil rights action in the United States District Court for the Eastern District of California. *See In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991) (dismissal on venue grounds without prejudice).

**IV.   CONCLUSION**

For the foregoing reasons, the Court orders:

1.   Storm's claims relating to all problems during his incarceration at SATF are DISMISSED WITHOUT PREJUDICE to Storm refiling them in a new civil rights action in the United States District Court for the Eastern District of California.

---

reasonable cause and in the good faith belief that there was a justifiable controversy under the facts and law." Cal. Code Civ. Proc., § 1038.

4

2. The petition is DISMISSED with leave to amend. Storm shall have **twenty-eight (28) days** from the date of this Order to file an Amended Complaint that addresses the legal standards set forth above. Storm should also provide more information concerning the relief he seeks. Storm is instructed to submit type-written filings, if possible, and to strive to use correct grammar and punctuation in his future filings.

He must indicate the case number for this action—Case No. 23-cv-00889-AMO (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces all previously-filed complaints, he must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from his original filing by reference.

**Storm's failure to file his Amended Complaint by the twenty-eight-day deadline will result in the dismissal of this action without prejudice.**

3. It is the plaintiff's responsibility to prosecute this case. The plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk of the Court shall send the plaintiff a blank civil rights complaint form along with his copy of this Order.

**IT IS SO ORDERED.**

Dated:

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

5